FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ NOV - 1 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALBERTO REYES, JR.,                    Civil Action No.:

           Plaintiff,

    -against-                          CV 11-5315

BUDZIK & DYNIA, LLC.,                  COMPLAINT   BIANCO, J.

           Defendant(s).       **DEMAND FOR JURY TRIAL**
-----------------------------------------------------------X

Plaintiff Alberto Reyes Jr. ("<u>Plaintiff</u>"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant BUDZIK & DYNIA, LLC., hereinafter referred to as "<u>Defendant(s)</u>", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2.     Plaintiff is a resident of the State of New York, residing at 1351 Wilson Rd, East Meadow, NY 11554.

3.     Defendant BUDZIK & DYNIA, LLC., is an Illinois LLC with their main office at 4849 N. Milwaukee Avenue, Suite 801, Chicago, IL 60630.

4. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began collecting an alleged consumer debt.

9. On information and belief, and better known to the Defendant, the Defendant called the Plaintiff on July 21st, 2011 at 10:28AM.

10. The Plaintiff first spoke to the Defendant's debt collector named John. John stated that he was calling about an Aspire Visa Credit Card and that the creditor placed the account with the law firm so they can file suit against him. The Defendant then while being questioned by the Plaintiff asked "They are planning to file a suit against me." And the Defendant answered "Yes they are."

11. The Plaintiff then asked "When are they planning to do that?" and the Defendant stated "Right after we talk to you Sir." The Defendant then stated that the

purpose of the call was to determine if they could work something out and after they get off the phone they have to make that determination to the attorneys and they will let the attorneys know..."

12. The Defendant violated 15 USC §1692 e- preface and e(10)c (b) by 1) deceptively and falsely stating that they were planning to file a suit against the Plaintiff when that was not decided on yet; 2) by falsely and deceptively stating they were planning that right after talking to the Plaintiff; 3) by falsely and deceptively stating that he (John) the debt collector and someone other than the attorney would make that determination – when in fact it is for the attorney to make.

13. The Defendant further violated 15 USC §1692 e preface and e(11) when a second debt collector named Joe, who claimed to a senior representative on the floor stated: Your account is in a legal status, and they want to proceed under your name and social security number with pursuit in the State of New York. They have an attorney lined up at this time in the State of New York to proceed for the full balance.

14. The Defendant violated 15 USC §1692 e preface and e(11) by using a false, deceptive and misleading statement as there was no attorney in New York lined up at that time to sue the Plaintiff. The Defendant through Joe admitted that they had to make a determination first and what to tell the Defendant's own attorney's in that office whether to sue or not.

15. The Defendant further violated 15 USC §1692 e preface and e(11) by purposely being confusing and misleading about the Plaintiff's account being in "legal status" without explaining what that means, and trying to intimidate the Plaintiff by doing so.

16. The Defendant further violated 15 USC §1692 e preface and e (11) and e (2)(A) by stating: "If it goes to court you will not have an out of court settlement – You will pay the balance due." This is deceptive and misleading in that only a court can determine if the Plaintiff will pay the balance due." Further Plaintiff had paid off this debt with Aspire and it is listed as being paid on Experian.

17. Therefore the Defendant had knowledge that they were attempting to collect a debt that had been paid.

18. The Defendant further violated 15 USC §1692 d – preface by engaging in conduct the natural consequence of which was to harass, oppress and abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant further violated 15 USC §1692f – preface by using an unfair and unconscionable means to collect a debt by falsely stating that they were planning a law suit against the Plaintiff when that had not yet been determined.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e – preface, e (10) and e (2)(A) , d - preface and f – preface.

22. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

23. Plaintiff Alberto Reyes Jr. hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alberto Reyes, Jr. demands judgment from the Defendants BUDZIK & DYNIA, LLC, as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         September 23, 2011

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

*Attorney for the Plaintiff Alberto Reyes, Jr.*

To:   BUDZIK & DYNIA, LLC
      4849 N. Milwaukee Ave.
      Suite 801
      Chicago, Il 60630

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Eastern District of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

ALBERTO REYES, JR.,

Plaintiff,

-against-

BUDZIK & DYNIA, LLC.,

Defendant(s).

---

## COMPLAINT

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 330-7582

---